UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-24314-ALTMAN

**LEWIS C. FIELDS, JR.**,

   *Plaintiff*,

v.

**HON. GORDON MURRAY, SR.**, *et al.*,

   *Defendants.*

_____/

## ORDER DENYING WITHOUT PREJUDICE
## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Lewis C. Fields, Jr., our *pro se* Plaintiff, has filed a civil-rights action under 42 U.S.C. § 1983 against three Miami-Dade County judges, the "State Attorney's Office," and five other individuals residing in Florida, Georgia, and California. *See* Complaint [ECF No. 1] at 2–6. He's also moved to proceed *in forma pauperis*. *See* IFP Motion [ECF No. 3]. Although Fields's Complaint is not particularly clear, he seems to allege that a probate judge's ruling caused him to be arrested and evicted from his home. *See id.* at 8 ("Miami Dade Police arrested illegally, put out of my home." (errors in original)); *see also id.* at 7 (requesting, as relief, to "get back in my home"). Since all of the Defendants are either immune from suit or cannot be sued under § 1983, we **DENY** Fields's IFP Motion and will give Fields one opportunity to file an amended complaint against the *non-immune* Defendants.

### THE LAW

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. Accordingly, the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action," *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (cleaned up). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

Fields's Complaint names nine Defendants. The first group of Defendants are three Miami-Dade County probate judges: Gordon Murray, Sr.; Yvonne Colodny; and Javier Enriquez. *See* Complaint at 2–3. Fields says that these three judges made certain unfavorable rulings (from his perspective) related to the property where Fields was living. *See id.* at 7. Fields next blames the State Attorney's Office for failing to "charge Gerome or Steven." *Ibid.* Finally, Fields names five other individuals—Latasha Ohez Carey, Steven Louis Sanders, Rachetta Harvey-West, Latecia Yvette Fields,

2

and Windell Benny *a/k/a* Wendel Bennett—who were apparently responsible for "remov[ing] [Fields] from his home." *Id.* at 8.[1] Notwithstanding Fields's factual allegations, all three groups of Defendants cannot be sued under § 1983.

*First*, Judges Murray, Colodny, and Enriquez are immune from any suit that's premised on a disagreement with their judicial rulings. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Ibid.*; *see also Gilbert v. Eleventh Jud. Cir. Ct. of Miami-Dade Cnty.*, 2024 WL 245220, at *2 (S.D. Fla. Jan. 23, 2024) (Altman, J.) ("Since judicial immunity 'is not overcome by allegations of bad faith or malice,' the plaintiff must show *either* that the judge's actions were 'not taken in the judge's judicial capacity' . . . *or* that they were taken 'in the complete absence of all jurisdiction.'" (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991))). Here, Fields says that the three judicial Defendants harmed him by entering certain orders in a probate case. *See* Complaint at 7. Since the Plaintiff is trying sue Defendants Murray, Colodny, and Enriquez for undertaking "normal judicial functions," they are immune from this lawsuit. *Cox v. Mills*, 465 F. App'x 885, 887 (11th Cir. 2012).[2]

---

[1] Defendants Latecia Yvette Fields and Windell Benny (along with Fields himself) appear to be three of the six beneficiaries to the Estate of Ophelia Carlene Fields. *See* Order of Distribution [ECF No. 1-2] at 1–6.

[2] To the extent Fields wants us to correct errors the judges allegedl made in the state-court probate case, we lack the subject-matter jurisdiction to do that under the *Rooker-Feldman* doctrine. *See Woodhull v. Mascarella*, 699 F. App'x 872, 875 (11th Cir. 2017) ("The *Rooker–Feldman* doctrine applies to 'federal claims that are inextricably intertwined with the state court's judgment.' Woodhull's claims are 'inextricably intertwined' because success 'would effectively nullify the state-court judgment' or reveal 'that the state court wrongly decided the issues' in the probate proceedings." (quoting *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009))).

*Second*, the "State Attorney's Office" is also immune from suit. Fields blames the Office for not "charg[ing] Gerome or Steven" (although Fields never tells us what "Gerome or Steven" should have been charged with). Complaint at 7. Two problems with this. *One*, "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). "[The] Court has long held 'that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution.'" *United States v. Texas*, 599 U.S. 670, 674 (2023) (quoting *Linda R.S.*, 410 U.S. at 619). Fields never says that he was prosecuted or threatened with prosecution, *see generally* Complaint, so he cannot sue the State Attorney's Office merely because it chose not to prosecute "Gerome or Steven." *Two*, prosecutors are "entitled to absolute immunity for all actions [they] take[ ] while performing [their] function as an advocate for the government." *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002). The State Attorney's Office (and all of its prosecutors) are thus immune from Fields's suit—which challenges its "core prosecutorial function [ ] of initiating and pursuing criminal prosecutions[.]" *Hart v. Hodges*, 587 F.3d 1288, 1298 n.11 (11th Cir. 2009) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1476 (10th Cir. 1994)); *see also id.* at 1295 (holding that prosecutors have "absolute immunity" when they "file[ ] an information without investigation").

*Third*, Fields cannot sue Latasha Ohez Carey, Steven Louis Sanders, Rachetta Harvey-West, Latecia Yvette Fields, or Windell Benny under § 1983 because they are private citizens. "To prevail on a claim under § 1983, [Fields] must demonstrate . . . that the [Defendants] deprived [him] of a right secured under the Constitution or federal law and . . . that such deprivation occurred under color of state law." *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998). This "under-color-of-state-law element . . . excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). Since these five Defendants are ordinary private citizens, they couldn't have acted

4

under color of state law and cannot be sued under § 1983—even if their actions ended up violating Fields's constitutional rights. *See Cline v. City of N. Miami*, 2010 WL 3909822, at * 2 (S.D. Fla. Oct. 5, 2010) (Seitz, J.) ("Defendant Andrade, who is a private citizen, was not acting under color of state law and thus cannot be sued under § 1983."); *Hall v. Deas*, 2022 WL 17176847, at *2 (S.D. Fla. Nov. 23, 2022) (Ruiz, J.) ("Plaintiff concedes that Defendant, his mother, is merely a nurse at 'Westside Regional Medical Center'—she is not employed by any local, municipal, or state government. Accordingly, Plaintiff cannot sue Defendant under § 1983 because Defendant did not 'act under color of state law,' even if Defendant's actions ultimately caused Plaintiff to suffer a constitutional violation." (cleaned up)).

It's true that a "private party may be considered a state actor for purposes of § 1983" in three "rare circumstances[.]" *Davis v. Self*, 547 F. App'x 927, 933 (11th Cir. 2013). *First*, the defendant satisfies the "public function test" if he is a private citizen who performs a function "traditionally [within] the exclusive prerogative of the state." *Nat'l Broad. Co., Inc. v. Commc'n Workers of Am., AFL-CIO*, 860 F.2d 1022, 1026 (11th Cir. 1988). *Second*, a defendant meets the "state compulsion" test "where the government 'has coerced or at least significantly encouraged the action alleged to violate the Constitution.'" *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993) (quoting *Nat'l Broad. Co.*, 860 F.2d at 1026). *Third*, the "nexus/joint action test" applies when "the state has so far insinuated itself into a position of interdependence with the private party that it was a joint participant in the enterprise." *Ibid.* (cleaned up). Since Fields's Complaint says absolutely nothing about any supposed interactions between the five private citizen Defendants (Carey, Sanders, Harvey-West, Latecia Fields, or Benny) and a state actor, *see generally* Complaint, none of these "rare" exceptions applies here.

\*\*\*

In general, a *pro se* plaintiff must be given "at least one opportunity to amend [his] claims . . . if it appears a more carefully drafted complaint might state a claim upon which relief can be granted[.]"

*Silva v. Bieluch*, 351 F.3d 1045, 1048 (11th Cir. 2003) (cleaned up). Since the State Attorney's Office and Judges Murray, Colodny, and Enriquez are all plainly immune from suit, we won't allow Fields to file an amended complaint against these four Defendants. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment . . . where amendment would be futile."). We will, however, give Fields an opportunity to file an amended complaint naming Carey, Sanders, Harvey-West, Latecia Fields, and Benny as defendants *if* he can allege that his claims against these private actors meet one of the three tests "used to determine whether state action exists[.]" *Willis*, 993 F.2d at 840.

Fields must also comply with the pleading requirements outlined in the Federal Rules of Civil Procedure by presenting Fields's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," FED. R. CIV. P. 10(b), and he must separate each cause of action into different counts. Along the way, Fields must (1) explain how he's been injured (and by whom), (2) articulate a basis for our subject-matter jurisdiction over the case and our personal jurisdiction over the Defendants, (3) show that venue is proper in our District, and (4) plead the elements of at least one viable cause of action, supporting each element with specific factual allegations. If Fields files an amended complaint that fails to satisfy the requirements set forth in this Order, we will dismiss the amended complaint *without leave to amend*.

## CONCLUSION

After careful review, we **ORDER and ADJUDGE** as follows:

1. The Plaintiff's Complaint [ECF No. 1] is **DISMISSED**. The Plaintiff's claims against the State Attorney's Office and Judges Murray, Colodny, and Enriquez are **DISMISSED with prejudice**. The Clerk is directed to **TERMINATE** these Defendants from the case. The Plaintiff's claims against the remaining Defendants are **DISMISSED without prejudice**.

2. The Plaintiff is **GRANTED** leave to file an amended complaint that complies with this Order by **December 9, 2024**. The amended complaint shall be limited to claims against Defendants Carey, Sanders, Harvey-West, Latecia Fields, and Benny. Failure to comply with this Order will result in the case being dismissed without prejudice and without further notice. *See* FED. R. CIV. P. 41(b).

3. The IFP Motion [ECF No. 3] and the Motion for Referral to the Volunteer Attorney Program [ECF No. 4] are **DENIED without prejudice**. The Plaintiff shall a new IFP Motion contemporaneously with his amended complaint.

4. The Clerk is directed to administratively **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on November 5, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    Lewis C. Fields, Jr., *pro se*